OPINION.
{¶ 1} Plaintiffs-Appellants Cloteen and Elliott Webb appeal from a summary judgment rendered against them on their complaint against defendant-appellee Linda Bailey, a surgeon who performed a radical mastectomy upon Cloteen Webb's right breast, and a simple mastectomy upon her left breast. The Webbs contend that the trial court erred in rendering summary judgment upon their claim based upon an alleged lack of informed consent, because there is a genuine issue of material fact. We agree. Accordingly, the judgment of the trial court in favor of defendant-appellee Linda Bailey is reversed, and this cause is remanded for further proceedings.
 I {¶ 2} In 1992, Cloteen Webb was referred to Bailey for a biopsy in connection with a lump in her breast. She returned from time to time over several years. In 1998, a biopsy on Cloteen Webb's right breast tested positive for cancer. Bailey recommended a modified radical mastectomy upon Webb's right breast, and a simple mastectomy upon the left breast. The recommendation of the left breast mastectomy was based upon a risk of cancer occurring in the future in that breast.
 {¶ 3} The surgeries were performed in 1998. Although Cloteen Webb testified, at her deposition, that she did not remember having done so, Ms. Webb signed a consent form before the surgeries, in which she acknowledged that "there were certain risks that are involved in surgical procedures and/or diagnostic procedures, including, but not limited to: . . . infection . . . bleeding . . . scarring . . . reaction to medication."
 {¶ 4} Following the surgery, Cloteen Webb has complained of unsightly scars, including excess skin preventing her from wearing a prosthesis, bleeding, pain and suffering. The Webbs brought this action against Bailey and Greene Memorial Hospital, alleging medical malpractice. Summary judgment was rendered in favor of Greene Memorial Hospital, and this appeal does not appear to be concerned with that judgment.
 {¶ 5} Bailey moved for summary judgment. Following a supplemental motion for summary judgment, the trial court rendered summary judgment in Bailey's favor concluding, on the issue of informed consent, that Bailey had succeeded in establishing, by her affidavit, "what the material risks of mastectomy surgery are," and "that these specific material risks were discussed with Webb on June 30, 1998, prior to Webb's formal consent to the surgery by signing the operative permit."
 {¶ 6} From the summary judgment rendered against them, the Webbs appeal.
 II {¶ 7} The Webbs' sole assignment of error is as follows:
 {¶ 8} "The trial court erred by sustaining appellee's motion for summary judgment."
 {¶ 9} As we understand it, the Webbs are contending that there is a genuine issue of material fact, precluding summary judgment, on their allegation that the surgeries performed upon Ms. Webb were performed without her informed consent.
 {¶ 10} The parties agree that a claim of lack of informed consent requires three elements:
 {¶ 11} "(1) Whether the physician fails to disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy, if any;
 {¶ 12} "(2) Whether the unrevealed risks and dangers which should have been disclosed by the physician actually materialized and are the proximate cause of the injury to the patient; and
 {¶ 13} "(3) Whether a reasonable person in the position of the patient would have decided against the therapy had the material risks and dangers inherent and incidental to treatment been disclosed to him or her prior to the therapy." Nickell v. Gonzalez (1985), 17 Ohio St.3d 136.
 {¶ 14} The operative paragraphs of Bailey's affidavit pertaining to the issue of informed consent are the following:
 {¶ 15} "9. The material risks involved with a mastectomy include bleeding, infection, scarring, reactions to medications, injury to surrounding tissues, tissue loss, and swelling of the arms.
 {¶ 16} "10. I advised the plaintiff of all the specific material risks and dangers inherently and potentially involved with the procedure as set forth in this affidavit, paragraph 9. Ms. Webb signed a consent form, acknowledging that I discussed these risks with her, on June 30, 1998.
 {¶ 17} "11. In Ms. Webb's case, she also carried an increased risk of infection on the right side due to removal of the lymph nodes. Ms. Webb was informed of this additional risk. Ms. Webb was also informed of the risk of delayed healing due to her diabetes and the fact that she was overweight.
 {¶ 18} "12. A reasonably prudent surgeon would have advised a patient of all the material risks and dangers set forth in this affidavit under like or similar circumstances.
 {¶ 19} "13. Ms. Webb gave informed consent to both mastectomies, as documented by the signed consent form, which lists the same risks set forth above, including bleeding, infection, scarring and reaction to medication."
 {¶ 20} In paragraph 12 of her affidavit, Bailey acknowledges that "a reasonably prudent surgeon" would have advised a patient "of all the material risks and dangers set forth in this affidavit." One of the risks set forth in Bailey's affidavit is "the risk of delayed healing due to [Cloteen Webb's] diabetes and the fact that she was overweight." This risk was not covered in the written consent form that Cloteen Webb signed on June 30, 1998.
 {¶ 21} At her deposition, Cloteen Webb denied having been advised of any risks. She did acknowledge her signature on the consent form, but did not recall signing the consent form, and she denied any recollection of a discussion of risks. Her testimony at her deposition on this subject included the following:
 {¶ 22} "Q. Are you telling me that there was nothing that Dr. Bailey told you about the risks of the surgery? Is that your testimony today under oath?
 {¶ 23} "A. I cannot remember her saying anything except what I've told you.
 {¶ 24} "Q. Okay. I don't mean to question you too much, but is it that you don't recall whether or not Dr. Bailey —
 {¶ 25} "MR. HARRISON: Objection.
 {¶ 26} "MR. FREUND: — discussed — let me just finish my question and then you can object.
 {¶ 27} "BY MR. FREUND:
 {¶ 28} "Q. Is it that you don't recall that Dr. Bailey discussed the risks of surgery or is it that she did not discuss the risks of surgery with you?
 {¶ 29} "MR. HARRISON: My objection is that she has previously unequivocally stated that she recalls no discussion of unexpected bleeding or infection from Dr. Bailey.
 {¶ 30} "BY MR. FREUND:
 {¶ 31} "Q. Is that your testimony?
 {¶ 32} "MR. HARRISON: Now you can answer.
 {¶ 33} "THE WITNESS: Yes.
 {¶ 34} "BY MR. FREUND:
 {¶ 35} "Q. So, your testimony today is that you don't recall discussions with Dr. Bailey concerning the risks of surgery; it is not your testimony that she did not discuss the risks?
 {¶ 36} "A. She did not discuss no risks of infection that I can —
 {¶ 37} "Q. Did you finish your answer?
 {¶ 38} "A. Yes.
 {¶ 39} . . . .
 {¶ 40} "Q. Okay. When you were giving me dates earlier, it sounded like you were pretty close or pretty accurate with your dates.
 {¶ 41} "A. If you've suffered as much as I had, you would remember the dates, too.
 {¶ 42} "Q. Probably better than your conversations with Dr. Bailey, I bet?
 {¶ 43} "A. No, what I told you with Dr. Bailey is the truth, to my knowledge now. We did not — what we discussed and what we did not discuss."
 {¶ 44} When this evidence is viewed in a light most favorable to the Webbs, we conclude that it supports an inference that Bailey did not discuss with Ms. Webb the additional risks not covered in the consent form. Bailey admitted, in her affidavit, that a reasonably prudent surgeon would have discussed these additional risks with Cloteen Webb. We conclude, then, that there is a genuine issue of material fact whether these additional risks were, in fact, discussed with Ms. Webb.
 {¶ 45} Bailey argues that even if these additional risks were not communicated to Cloteen Webb, there can be no genuine issue of fact whether a reasonably person, in Cloteen Webb's position, would have proceeded with the surgery. That is a good argument with respect to the radical mastectomy upon Cloteen Webb's right breast, in which cancer had been detected. However, we conclude that a reasonable jury might disagree with respect to the simple mastectomy on Cloteen Webb's left breast. Bailey's recommendation was to perform that simple mastectomy as a precautionary measure, to avoid the risk of cancer, at some future time, in Cloteen Webb's right breast. Neither party presented any expert testimony on the issue of whether a reasonable person in Ms. Webb's position would have proceeded with the simple mastectomy to her left breast despite the enhanced risk of delayed healing due to her diabetes and overweight condition.
 {¶ 46} In short, we conclude that there is a genuine issue of material fact, precluding summary judgment, on the issue of the alleged lack of informed consent. The Webbs' sole assignment of error is sustained.
 III {¶ 47} The Webbs' sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
GRADY and YOUNG, JJ., concur.